USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/14/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H&H METALS CORP.,

                 Petitioner/Judgment Creditor

-against-

GULSHAN KHANCHAND PANJWANI and MONA PANJWANI,

                 Respondents/Judgment Debtors.

20 Misc. 390 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Petitioner, H&H Metals Corp., brings this miscellaneous action seeking to compel Respondents Gulshan Khanchand Panjwani ("Mr. Panjwani") and his wife, Mona Panjwani, to respond to post-judgment subpoenas served on them by producing documents responsive to the subpoena, and in Mr. Panjwani's case, appearing for a deposition. Pet. Mem. at 2, ECF No. 6. Despite being served with a copy of the letter motion, ECF No. 8, Respondents have not opposed the application. For the reasons stated below, the motion is GRANTED.

On June 22, 2017, Petitioner brought an action against Mr. Panjwani seeking repayment of funds owed by him under a guaranty agreement. ECF No. 5, No. 17 Civ. 4753. On July 3, 2019, the Honorable Sidney H. Stein ordered the Clerk of Court to enter a default judgment against Mr. Panjwani after he breached the terms of a settlement agreement between himself and Petitioner. ECF No. 45, No. 17 Civ. 4753. On July 29, 2019, the Clerk of Court entered judgment in favor of Petitioner. ECF No. 47, No. 17 Civ. 4753.

On March 13, 2020, Petitioner served on Mr. Panjwani a subpoena to appear at a deposition and produce documents. ECF Nos. 5-3, 5-4. On April 30, 2020, Petitioner served on Mona Panjwani a subpoena to produce documents. ECF Nos. 5-7, 5-8. Through counsel,

Respondents served written responses to both subpoenas and agreed to produce certain documents, ECF Nos. 5-6, 5-9.  The parties also agreed to narrow the time period for responsive documents.  Pet. Mem. at 3.  Respondents, however, failed to produce such documents, including personal bank statements for each Respondent, despite being informed by Petitioners of these deficiencies.  ECF No. 5-12.  Respondents also failed to respond to multiple requests made to their counsel to set a date for depositions of Mr. Panjwani.  *Id.*  To date, Mr. Panjwani has not appeared for a deposition, and Respondents have not provided the requested documents.  ECF No. 9.  On November 17, 2020, Petitioner commenced the instant action seeking an order requiring Respondents to comply with their post-judgment discovery obligations.  ECF No. 1.

A judgment creditor "may obtain discovery from any person—including the judgment debtor." Fed. R. Civ. P.  69(a)(2).  Such "[d]iscovery of a judgment debtor's assets is conducted routinely." *First City, Texas-Houston N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002).  The scope of discovery permitted of a debtor's assets is extremely broad, entitling the judgment creditor to "a very thorough examination of a judgment debtor with respect to its assets." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, No. 88 Civ. 3039, 1993 WL 50528, at *1 (E.D.N.Y. Feb. 23, 1993) (quotation marks and citation omitted).  This includes requiring a debtor to appear for depositions and produce relevant records.  *Id.* at *2.  Rule 69 has also been held to "authorize discovery from third persons, without an additional suit, if the inquiry is likely to disclose . . . assets of the judgment debtor." *Minpeco, S.A. v. Hunt*, No. 81 Civ. 7619, 1989 WL 57704, at *2 (S.D.N.Y. May 24, 1989) (citation omitted).

As the judgment creditor, Petitioner is undoubtedly entitled to discovery of Mr. Panjwani's assets under Rule 69, including by requiring him to appear for a deposition and turn over relevant financial records.  Although Mona Panjwani was not a party to the original

2

judgment, as Mr. Panjwani's wife, Petitioner is similarly entitled to obtain discovery from her, because such discovery may disclose Mr. Panjwani's assets. Respondents have provided no explanation for their failure to comply.

Accordingly, Petitioner's motion is GRANTED as unopposed. By **February 14, 2022**, Respondents are directed to provide documents responsive to Petitioner's request, and Mr. Panjwani is ordered to appear for a deposition. If Respondents fail to comply with this order, the Court shall direct them to show cause as to why they should not be held in contempt for failure to comply with the subpoena and this order. By **December 17, 2021**, Petitioner shall serve Respondents with a copy of this order, via personal service. By **December 21, 2021**, Petitioner shall file proof of service on the docket.

The Clerk of Court is directed to terminate the motion pending at ECF No. 4.

SO ORDERED.

Dated: December 14, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge